**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MAX BLUMENTHAL,

*Plaintiff,*

v.

MARKWAYNE MULLIN, *in his official capacity as Secretary of the Department of Homeland Security,*

*Defendant*.

**CASE NO. 1:26-mc-16 (LMB/WEF)**

**REPLY MEMORANDUM IN SUPPORT OF FED. R. CRIM. P. 41(g) MOTION TO RETURN PROPERTY**

On July 16, Plaintiff submitted a motion under Federal Rule of Criminal Procedure 41(g), for return of his smartphones and any data extracted therefrom, seized by Customs and Border Protection (CBP) officers at Dulles Airport six (6) days earlier. *See* Motion and Memorandum in Support, ECF Nos. 1, 2. The following day, July 17, CBP officers contacted Plaintiff to inform him that his phones were available to be picked up; he retrieved them later that evening. *See* Notice of Subsequent Development, ECF 11. As explained in his Notice, however, the Government's return of Plaintiff's phones did not moot the motion because it provided no guarantee that the government did not retain access to data extracted from his phones. *Id.* *See* *Richman v. United States*, 350 F.R.D. 401, 410 (D.D.C. 2025) (observing that the advisory notes to Fed. R. Crim. P. 41(g) state that "[i]n some circumstances … equitable considerations might

justify an order requiring the Government to return or destroy all copies of records that it has seized.").

On July 20, the Court ordered a hearing on Plaintiff's motion, scheduled for July 29 at 10:00 a.m., and further ordered Defendant to submit a response to Plaintiff's motion by July 27. *See* Order, ECF 12.

In his response, Defendant contends that the matter is moot because a sworn declaration, submitted by Chief Customs and Border Protection (CBP) Officer Harmanpreet Singh, claims that though Plaintiff's "two phones were referred for further inspection" "federal officials were still unable to gain any access to Mr. Blumenthal's devices." *See* Declaration, ECF 13-1 ¶ 6; *see also* Opposition to Motion to Return Property, ECF 13 at 6. Officer Singh further avers that "[n]o search was conducted on Mr. Blumenthal's devices, and consequently, CBP never possessed or retained any information from Mr. Blumenthal's devices." Declaration, ECF 13-1 ¶ 8.

Initially, it is Defendant's burden to establish mootness. Officer Singh's declaration does not resolve the issue; rather, it creates a factual dispute as to whether there remains a controversy under Rule 41(g). It does not eliminate the necessity of a judicial determination on the evidence.

In *United States v. Roca*, 676 Fed. Appx. 194, 195 (4th Cir. 2017), the court observed that: "Rule 41(g) requires the court to 'receive evidence on any factual issue necessary to decide the motion.'" (quoting Fed. R. Crim P. 41(g)). And if there is a factual dispute "'relating to the status of the property or what happened to it,' then the court should hold an evidentiary hearing to determine the chain of custody." *Roca*, 676 Fed. Appx. at 195 (quoting *United States v. Albinson*, 356 F.3d 278, 284 (3d Cir. 2004)).

Officer Singh's Declaration confirms that Plaintiff's smartphones were referred for further inspection, and that officials tried to gain access to them. That itself raises questions as to the scope

of inspection that may have been performed and the nature of any attempted search. It does not explain what forensic tools or techniques were employed to recover data; whether forensic images were created or photographs taken; whether any technology was implanted to provide for ongoing surveillance, access to information, or transmission of location data; or what records document any such efforts. Therefore, to gain a full understanding of what information the Government might have, Plaintiff needs additional information.

At a minimum, Plaintiff is entitled to review custody records, forensic examination reports, property custody reports, audit logs showing attempted access, and any evidence demonstrating the creation of backups or duplicates. He is also entitled to examine Officer Singh to elucidate what technology was used to attempt forensic extraction of his phone, whether any images of the devices were created, and the identities of all parties afforded access to the phones. The responses to these queries are all crucial to ensuring the government does not actually have access to the contents of Plaintiff's phone and is not using his phones to surveil him. Accordingly, this information is all the appropriate subject of a Rule 41(g) hearing. *See Albinson*, 356 F.3d at 282 ("affidavits or documentary evidence, such as chain of custody records, may be sufficient to support a fact finder's determination.").

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant's argument that his Rule 41(g) motion is moot; require production of the relevant chain-of-custody and forensic records insofar as they exist; and conduct the evidentiary hearing contemplated by Rule 41(g).

Respectfully submitted,

July 28, 2026

/s/ Jenin Younes
Jenin Younes* (*pro hac vice*)
Malak Afaneh (*pro hac vice*)
AMERICAN-ARAB ANTI-DISCRIMINATION COMMITTEE
910 17th Street Northwest, Suite 400
Washington, DC 20006
Telephone: (202) 244-2990
jyounes@adc.org
**Designated Counsel for Service*
*Attorneys for Plaintiff*

/s/ George R. A. Doumar
George R.A. Doumar, Va. Bar No. 26490
Daniel R. Hernandez, Va. Bar No. 95384
DOUMAR MARTIN, PLLC
1530 Wilson Boulevard, Suite 1060
Arlington, Virginia 22209
gdoumar@doumarmartin.com
dhernandez@doumarmartin.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was sent by efiling to counsel of record on July 28, 2026.

/s/ George R. A. Doumar
Doumar Martin, PLLC
1530 Wilson Boulevard, Suite 1060
Arlington, VA 22209
703-243-3737
gdoumar@doumarmartin.com
dhernandez@doumarmartin.com
*Counsel for Plaintiff*